## HOOVER v. CUTTS et al.

### No. 9780.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 13, 1948.

Decided Feb. 7, 1949.

Messrs. Irving Wilner and C. Willard Hayes, both of Washington, D. C., with whom Messrs. William H. Matthews and H. Max Ammerman, both of Washington, D. C., were on the brief for appellant.

Mr. Maurice Friedman, of Washington, D. C., with whom Mr. C. Leo De Orsey, of Washington, D. C., was on the brief for appellees.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment of the District Court.

Appellees held several patents for "Cutts Compensators," designed to improve the effective use of small firearms, sporting and military. In June, 1929, the Lyman Gun Sight Corporation was granted the exclusive right to manufacture and vend the compensators, described in specified patents, *for installation on sporting firearms and shotguns, but not upon arms designed for military purposes.* In January, 1941, Auto-Ordnance Corporation was granted the exclusive right to manufacture and sell Cutts Compensators covered by specified patents "for use only on military weapons of any kind * * * excepting always sporting weapons."

In April, 1941, appellant, with full knowledge of the aforegoing contracts, was made the agent of appellees to promote the adoption and use of the articles referred to in the agreement with Auto-Ordnance, for which appellees agreed to pay 20% of the income received by them as a result of the ownership of patents or patented articles referred to in said agreement with Auto-Ordnance, *exclusive of sporting weapons.* It is upon this contract that appellant laid his claim to an accounting and judgment for commissions on monies received by appellees from the Lyman Corporation for shotgun compensators sold to the Government and used on shotguns by certain branches of the military service.

The court received much evidence bearing upon the scope of the contract in question. Extensive findings of fact were made, leading to the conclusion that appellant's contract did not extend to the sale of shotgun compensators by the Lyman Corporation to the Government.

The findings and conclusions are attacked by appellant as erroneous. Boiled down, we understand them to hold in effect that the compensators used by the Government were designed and sold for shotguns,— sporting weapons; that the exclusive manufacture and sale of such compensators were granted to the Lyman Corporation, without reservation as to any ultimate use to which they might be put after sale; that appellant's contract excluded from its

scope compensators designed for sporting weapons and covered only compensators *designed* for military weapons, and excepted shotguns as such.

We think the essential findings are supported and justified by ample evidence properly before the court. They necessarily lead to the conclusion that appellant's claim is ill-founded. Accordingly the judgment is

Affirmed.